UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHANISE R.,

       Plaintiff,

v.                    CASE # 20-cv-01722

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br> Counsel for Plaintiff<br>600 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | KENNETH R. HILLER, ESQ.<br>BENJAMIN L. SACHS, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br> Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | VICTORIA S. TREANOR, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

    The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **GRANTED**, the defendant's motion for judgment on the administrative record is **DENIED,** and the decision of the Commissioner is **REMANDED**.

I.    **RELEVANT BACKGROUND**

   A.    **Factual Background**

Plaintiff was born on September 14, 1973, and has less than a high school education. (Tr. 175). Plaintiff alleged disability based on depression, nodules in the breast, irritable bowel syndrome, Crohn's disease, a bad back and arthritis. (Tr. 178). Her alleged onset date of disability is May 27, 2012, and her date last insured was December 31, 2017. (Tr. 175).

   B.    **Procedural History**

On March 27, 2014, plaintiff protectively applied for a period of Disability Insurance Benefits (SSD) under Title II of the Social Security Act. (Tr. 149). This claim was initially denied on June 24, 2014, and the claimant filed a written request for hearing. While the request for hearing was pending, the claimant also protectively applied for a period of Supplemental Security Income Benefits under Title XVI of the Social Security Act, which was consolidated with the pending Title II claim at the hearing level. (Tr. 159, 231). On October 12, 2016, a hearing took place before Administrative Law Judge (ALJ) Stephen Cordovani. (Tr. 32-73). On February 6, 2017, ALJ Cordovani issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 13-27). On December 3, 2017, the Appeals Council (AC) denied plaintiff's request for review[1]. (Tr. 1-4).

Thereafter, plaintiff timely filed suit at the United States District Court for the Western District of New York and on September 24, 2019, United States Magistrate Judge Jonathan W. Feldman issued a Decision and Order remanding the case. Accordingly, on October 29, 2019, the AC sent the case back to the Buffalo, NY hearing office. (Tr. 730-32). A second hearing took place

---

[1] Of note, at the time of the hearing and the request of review at the Appeals Council, plaintiff was represented by attorneys from Heard & Smith LLP. They withdrew their representation while case was pending at the AC. Shortly therefore, plaintiff appointed attorneys from the Law Offices of Kenneth R. Hiller, PLLC. (Tr. 589).

on April 2, 2020 before ALJ Cordovani. (Tr. 621-661). On July 31, 2020, ALJ Cordovani issued another decision finding plaintiff not disabled under the Social Security Act. (Tr. 586-605). Plaintiff exercised her option to proceed directly to this Court.

    **C.**    **The ALJ's Decision**

Generally, in his 2020 decision, the ALJ made the following findings of fact and conclusions of law[2]:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2017.

2. The claimant has not engaged in substantial gainful ("SGA") since May 27, 2012, the alleged disability onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et. seq.*).

3. The claimant has the following severe impairments: history of arthritis with lower back pain, and asthma/chronic obstructive pulmonary disease ("COPD") (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) because shies able to lift, carry, push, and/or carry twenty pounds occasionally and ten pounds frequently, stand for three hours total in an eight-hour workday, walk for no more than thirty minutes total in an eight-hour workday, and sit for five hours total in an eight-hour workday. The claimant must be able to alternate positions between sitting and standing at will while remaining on-task at the workstation. The claimant is able to occasionally stoop, kneel, crouch, and crawl, and she is occasionally able to operate foot controls. The clamant must avoid concentrated exposure to fumes, odors, dust, gases, poor ventilation, and other respiratory irritants. The claimant must avoid work at unprotected heights or around moving mechanical parts. The clamant must avoid extreme heat, cold, wetness, and humidity, and she must avoid work with vibratory tools. The clamant is able to tolerate moderate noise exposure (as defined in the DOT). In addition, the clamant is able to understand, remember, and carry out simple as well as complex instructions and tasks, and she is able to maintain attention and concentration in two-hour increments. The clamant is able to function with regular supervisory oversight and interaction, and she will be off-task for less than 10% of an eight-hour workday.

---

[2] Numbering for the findings in the decision was incorrectly done as 1, 1, 2, 3, 2, 4, 5, 3, 4, 6, 5. For clarity sequential numbering is used here.

6. The claimant is unable to perform any relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on September 14, 1973, and was 38 years old, which is defined as a younger individual age 18-49, on May 27, 2012, the alleged disability onset date (20 FCR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from May 27, 2012, the alleged onset date, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 586-605).

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff primarily argues that the ALJ erred at Step Two by determining that plaintiff's bladder problems were a non-severe impairment and by failing to account for the non-severe impairments in the RFC. (Dkt. No. 10 at 9 [Plaintiff's Memo of Law]).

### B. Defendant's Arguments

In response, defendant asserts the ALJ's RFC finding was supported by substantial evidence and the decision was free of legal error. (Dkt. No. 12 [Defendant's Memo of Law]).

### III.     RELEVANT LEGAL STANDARD

#### A.     Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's

independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

### IV. ANALYSIS

Plaintiff argues there is no substantial evidence of record supporting the ALJ's Step Twp finding that her uterine prolapse with associated urinary incontinence and her gastrointestinal (GI) incontinence, were not severe. Alternatively, plaintiff also argues that regardless of the Step Two finding of severity, he erred in omitting the evaluation of the non-severe impairments on her RFC. (Dkt. No. 10). Notably, this case was previously remanded by this Court for a similar issue. In September 2019, Magistrate Judge Jonathan Feldman remanded the case because it was not clear

that the ALJ considered the extent to which her non-severe mental health impairments might affect her RFC. (Tr. 728). As discussed in the decision, it is beyond dispute that "[i]n assessing a claimant's RFC, the ALJ must evaluate the 'combined impact on a claimant's ability to work, regardless of whether every impairment is severe.'" *Vasquez v. Comm'r of Soc. Sec.*, 18-cv-1107 (AMD), 2019 WL 765260, at *3 (E.D.N.Y. Feb. 21, 2019)(*quoting Dixon v. Shalala*, 54 F.3d 1019, 1031 (2d Cir. 1995)). As was the case previously, the ALJ claimed to have "considered" the limiting effects of plaintiff's non-severe impairments in formulating an RFC but the analysis in the decision lacks any further discussion regarding the non-severe physical impairments thus suggesting the assertion was just boilerplate. (Tr. 594). *See Jackson v. Colvin*, 2016 WL 1578748, *4 (W.D.N.Y. Apr. 20, 2016) (noting that the ALJ must "consider all of plaintiff's impairments, both severe and non-severe, when reaching an RFC determination")).

Looking to the discussion of non-severe impairments, including plaintiff's irritable bowel syndrome, diarrhea, urinary incontinence, and prolapsed bladder, the ALJ addressed a total of approximately 42 impairments in one paragraph of the decision at Step Two. (Tr. 593). The ALJ noted plaintiff's occasional complaints of urinary issues but also other treatment notes with no complaints about urinary issues. (Tr. 594; *citing* Tr. 979–1047). While the ALJ recognizes the plaintiff testified she wears liners and "get drizzles", the documentation is sporadic and there's nothing to support functional limitations due to abdominal complaints. (Tr. 594). The ALJ concludes that "although I have determined that some of the claimant's impairments are non-severe, the limiting effects of all the claimant's impairments, even those that are not severe, were considered in determining" the RFC. (Tr. 594). The ALJ never stated which impairments were non-severe from the litany at the beginning of the paragraph, or which were not medically determinable impairments at all. Furthermore, there was never any further discussion about any

7

of those impairments in the analysis beyond recounting of plaintiff's testimony. (Tr. 599). Indeed, the ALJ reported that the plaintiff testified her irritable bowel syndrome requires her to take longer bathroom breaks and that she will have diarrhea approximately twenty out of thirty days in a month, and that she needs to go to the bathroom approximately ten times a day. (Tr. 599). She also testified she has about three accidents per week. (*Id.*). The only testimony cited by the ALJ in the RFC analysis at Step Four regarding the prolapsed bladder is that she needs to urinate frequently.

Defendant argues the 10% off-task limit by the ALJ was intended to accommodate any additional breaks beyond the customary 30-minute lunch and 15-minute morning and afternoon break. (Dkt. No. 12 at 20). Precedent case law in this Circuit demonstrates that the ALJ must explain how an off-task limitation was reached. *Wouters v. Comm'r of Soc. Sec.*, No. 19-cv-610-FPG, 2020 WL 2213896, at *2 (W.D.N.Y. May 7, 2020) (quoting *Cosnyka*, 576 F. App'x at 46 ("Specific RFC assessments, like percentage of time off-task, must be based on evidence in the record, not on an 'ALJ's own surmise.'"). Here, the ALJ's specific finding that plaintiff would be off-task 10% of the workday is not rooted in any particular medical evidence or opinion. *See June S. v. Comm'r of Soc. Sec.*, No. 19-cv-1514-FPG, 2020 WL 7137041, at *3 (W.D.N.Y. Dec. 7, 2020) (finding the ALJ's 10% off-task limitation unsupported by the record where the finding was not rooted in any medical evidence nor did the ALJ attempt to tie any evidence to the specific conclusion).

Indeed, the ALJ does not point to any evidence, medical or otherwise, in support of the off-task finding, nor does the ALJ attempt to tie any evidence of record to this specific conclusion. A review of the record reveals the less than 10% language was included by the ALJ in his first hypothetical to the vocational expert (VE). (Tr. 655). The VE testified that an individual who is off- task 10 % or more is going to have difficulty keeping a job. (Tr. 657). The ALJ then clarified

by stating, "I'm not trying to put words in your mouth but additional breaks will be permitted up to five minutes." (Tr.658). The ALJ then clarified with the VE that additional bathroom breaks twice per day up to five minutes would be permitted but not if they were every hour up to five minutes. (Tr. 659). However, in the decision there is no reasoning as to how the ALJ determined there would only be two additional bathroom breaks in addition to the scheduled breaks. *See Cosnyka*, 576 F. App'x at 46 (remanding where there was no basis for a particular off-task determination).

In response to plaintiff's claim that the off-task time is not supported by the evidence in the record, defendant argues that it is plaintiff's burden to demonstrate that she has greater limitations than those opined by the ALJ. (Dkt. No. 12 at 20). However, in arguing that plaintiff has failed to meet her burden to support a greater disability finding, defendant overlooks the fact that there is no evidence which supports the ALJ's off-task time finding in the first place. *See id.* Ample case law holds that such a specific RFC limitation must be supported by a clear medical opinion in order to be deemed proper. *See Annis v. Comm'r of Soc. Sec.*, No. 18-CV-1276, 2019 WL 6875231, at *10-11 (W.D.N.Y. Dec. 17, 2019) (finding the ALJ's determination that plaintiff would be off task five percent of the workday lacked sufficient support where the only medical opinion providing a specific time limitation stated that plaintiff would be off task at least 30% of the workday).

Thus, the failure of the ALJ to consider plaintiff's non-severe physical impairments in formulating his RFC or explaining why such impairments need not be considered constituted error. The Court has already remanded this case for the same error involving mental impairments. (Tr. 726). Furthermore, the inclusion of an off-task percentage without any discussion in the decision explaining the ALJ came to that percentage or how it related to the non-severe impairments of

using the restroom was also error. In sum, remand is appropriate for the ALJ to consider the extent to which plaintiff's non-severe physical impairments may affect her RFC.

**ACCORDINGLY, it is**

ORDERED that plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **GRANTED**; and it is further

ORDERED that defendant's motion for judgment on the pleadings (Dkt. No. 16) is **DENIED**; and it is further

ORDERED that this matter is **REMANDED** pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: October 27, 2022　　　　　　　　　　　　_J. Gregory Wehrman_  
Rochester, New York　　　　　　　　　　　　　HON. J. Gregory Wehrman  
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge